# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**PHILLIP MEYER**,

**Plaintiff,**

v.

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY**

**Defendant.**                                                                 No. 09-150-DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is Defendant's Motion for Leave to Withdraw Doc. 10 and for Enlargement of Time within which to File Motion to Dismiss (**Doc. 15**). Defendant filed Doc. 10, which is a Motion to Dismiss, on July 10, 2009. According to the instant Motion, Doc. 10 was filed in error. Thus, Defendant seeks leave to withdraw that motion and file a new motion, which would also necessitate the Court granting an extension of time. **See FED. R. CIV. P. 4(c)**.

This matter has not been a shining example of proper procedure. Defendant was served with the summons and Complaint March 24, 2009 (**Doc. 9**). Thus, Defendant's responsive pleading was due May 26, 2009. **See FED. R. CIV. P. 4(c)**; **also see Doc. 9**. Defendant, represented by the United States Attorney's Office for the Southern District of Illinois, did not file Doc. 10, his Motion to Dismiss, until July 10, 2009. **(Doc. 10)**. On July 14, 2009, another attorney acting on behalf of the defendant, this time from the Social Security Administration, filed another

responsive pleading, (**Doc. 11**), which was promptly stricken by the Clerk of Court (**Doc. 12**).

At no time prior to the filing of Defendant's responsive pleading did Defendant seek an extension of time in which to respond nor did the Court extend the period of time allowed. Such a lack of due diligence is grounds for denying the instant Motion and striking Defendant's Motion to Dismiss. That said, the Court also notes that Plaintiff failed to serve the Defendant in accordance with Federal Rule of Civil Procedure 4(i), which may explain, at least in part, the Defendant's delay in responding and the "dueling motions" noted above. Regardless, the Defendants action subsequent to service of process waived objection to the defects. **See Fed. R. Civ. P. 12(b); Fed. R. Civ. P. 12(h)**.

Given the procedural history in this case, the Court **GRANTS** Defendant's Motion (**Doc. 15**). Defendant's Motion to Dismiss (**Doc. 10**) is **STRICKEN**. Defendant is **ALLOWED** up to and including August 1, 2009 to file a responsive pleading. Further, Plaintiff's response, if any, to Defendant's responsive pleading is due no more than 30 days after Defendant's responsive pleading is filed.

**IT IS SO ORDERED.**

Signed this 27th day of July, 2009.

/s/     David R Herndon
**Chief Judge**
**United States District Court**