UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTICT OF ILLINOIS

| | |
|---|---|
| PHILIP R. MEYER, )<br>)<br>Claimant, )<br>)<br>v. )<br>)<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. )<br>) | Case No.: 09-150 DRH-DGW |

### REPORT AND RECOMMENDATION

**Wilkerson, Magistrate Judge:**

Pending before the Court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Commissioner of Social Security ("Defendant") on July 31, 2009 (Doc. 17) and Plaintiff Philip R. Meyer's Response filed on September 2, 2009 (Doc. 19). These matters have been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Chief Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation. For the reasons set forth below, it is **RECOMMENDED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 17) be **GRANTED**, and the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On March 7, 2007, Plaintiff Philip R. Meyer ("Claimant") filed a claim with the Social Security Administration ("SSA") (Docs.17-1, 18-6). On June 21, 2007, the claim was denied initially and upon reconsideration on November 6, 2007. *Id.* SSA alleges it sent notice of the reconsidered determination ("Notice") to Claimant at 234 Oak Tree

Avenue, Salem, IL, 62881. *Id.* The Notice informed Claimant he could request a hearing before an Administrative Law Judge ("ALJ") within 60 days if he believed the reconsidered decision was incorrect (Doc. 17).

In May 2008, Claimant called SSA to inquire about the status of the reconsidered determination and he was informed his claim had been denied on November 6, 2007 (Doc. 18). Claimant informed SSA that he had not received the Notice (Docs. 17-1, 18-6). On May 19, 2008, SSA mailed a duplicate copy the Notice and sent it to Claimant at his new address (Docs. 17-1). Thereafter, Claimant filed a request for hearing on June 24, 2008. *Id*. Claimant submitted a statement of Good Cause on July 21, 2008 explaining the reason for his untimely request for hearing. *Id*. He explained that he did not receive the Notice until May 2008 due to the fact that he and his family had been out of town. *Id.*

On September 15, 2008, ALJ Donald R. Colpitts issued an Order of Dismissal (Doc. 18-4). ALJ Colpitts relied on 20 C.F.R. §404.957(c)(3) which permits an ALJ to dismiss a request for hearing if the claimant did not request a hearing within the stated time period and no extension of time has been granted for requesting the hearing. *Id.* Section 404.957(c)(3) permits an extension of time, but only if good cause exists for failure to timely file the request. *Id.* ALJ Colpitts determined that Claimant filed the request for hearing more than 65 days after the date of the Notice. *Id.* He considered Claimant's contention that good cause existed for the untimely filing, *i.e.*, that Claimant had recently moved and was out of town when the Notice was mailed, but concluded that Claimant had not established good cause for missing the deadline to request a hearing.

2

*Id.* ALJ Colpitts dismissed Claimant's June 24, 2008 request for hearing and ruled that the reconsidered determination dated November 6, 2007 remained in effect. *Id.*

On September 25, 2008, Claimant filed a request for review by the Appeals Council (Doc. 18-1). Claimant alleged that a clerk with SSA confirmed that his attorney had not received the original Notice in November 2007. *Id.* On January 20, 2009, the Appeals Council denied Claimant's request and referenced the fact that the administrative record contained a copy of the Notice that was sent to Claimant's attorney on November 6, 2007 (Doc. 18-5).

On March 3, 2009, Claimant filed a Complaint seeking judicial review pursuant to 42 U.S.C. §405(g) of the Social Security Act (Doc. 3). On July 17, 2009, SSA filed a Motion to Dismiss for Lack of Subject Matter alleging that the Court does not have jurisdiction to review Claimant's claim as he did not obtain a final and appealable decision from the Commissioner (Doc. 17). Claimant argues that he is not seeking adjudication on the merits of his claim; rather he requests remand to the ALJ so that a hearing on the merits can occur (Doc. 18).

## STANDARD OF REVIEW

When reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the Claimant. *Alicea-Hernandez v. Catholic Bishop of Chicago,* 320 F.3d 698, 701 (7th Cir. 2003). Unsupported conclusions of fact and conclusions of law are not admitted. *Watters v. Sec. of Health and Human Servs.,* 656 F.2d 234, 240 (7th Cir. 1980). However, "the court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue

to determine whether in fact subject matter jurisdiction exists." *Alicea-Hernandez,* 320 F.3d at 701.

## CONCLUSIONS OF LAW

**A.     Social Security Act Administrative Mechanisms**

"Each year, the Social Security Administration processes several million claims for benefits.  To maximize efficiency and fairness, the claimant is required to steer his claim properly through the administrative and judicial process." *Clayton v. Shalala*, 1993 WL 326366, *2 (7th Cir. August 25, 1993).  Title II of the Social Security Act provides regulations establishing procedures for administrative and judicial review of applications for disability benefits and supplemental security income under the Act.  The administrative process begins when a person files a claim with the Social Security Administration.  *Garza v. Chater*, 891 F.Supp. 464, 467 (N.D. Ill. 1995).  At that time, an "initial determination" is rendered either granting or denying the claim.  20 C.F.R. § 404.902 (2010). Claimants who receive an adverse initial determination may request reconsideration of their claim within 60 days. 20 C.F.R § 404.909 (2010). The Commissioner may then exercise discretion to review the merits of the claim a second time and issue a "reconsidered determination."  20 C.F.R § 404.907 (2010).  If the claimant is dissatisfied with the initial and reconsidered determinations, the claimant may request a hearing before an ALJ.  20 C.F.R § 404.929 (2010).  The request must be made in writing to the Social Security Administration within 60 days from date of receipt of the notice of the reconsidered determination – or, show good cause for late filing.  20 C.F.R § 404.933 (2010).

Under certain circumstances, the ALJ may deny a claimant's request for hearing. 20 C.F.R § 404.957 (2010). The dismissal is binding unless it is vacated by an ALJ or the Appeals Council. 20 C.F.R § 404.959 (2010). If the claimant is dissatisfied with the hearing decision or the dismissal of the hearing request, he may request that the Appeals Council review that action. 20 C.F.R § 404.967 (2010). The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an ALJ. *Id.* The Appeals Council's decision, or the decision of the ALJ if the request for review is denied, is binding unless the claimant or another party files an action in federal district court within 60 days after the date of receipt of the Appeals Council's action. 20 C.F.R § 404.981 (2010).

**B.     Final and Appealable Decision of the Commissioner**

Defendant moves the Court to dismiss Claimant's Complaint as the Social Security Act authorizes judicial review only *"after a hearing"* has taken place (Doc. 17). Since Claimant did not have a hearing, he failed to obtain a final and appealable decision of the Commissioner, thereby depriving the Court of jurisdiction. *Id.*

The Social Security Act provides that "any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action" in federal district court." 42 U.S. C. § 405(g) (2010). The Act "does not define 'final decision,' instead leaving it to the [Social Security Administration] to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. §405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). The regulations define a 'final decision of the Commissioner' for the purpose of 405(g) as a decision made by the Appeals Council which either reviews or

denies review of a determination made by an ALJ *after an evidentiary hearing* on the merits of the claim. *Watters v. Sec. of Health and Human Servs.*, 656 F.2d 234, 236 (7th Cir. 1980) (emphasis added); *see also Johnson v. Sullivan,* 936 F.2d 974, 975 (7th Cir. 1991) (emphasis added) (quoting *Califano V. Sanders,* 430 U.S. 99 (1977)).

The hearing requirement is intended to ensure that a claimant does not bypass the administrative procedure established to resolve his or her claim. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). There are certain circumstances in which a claimant will not be granted a hearing before an administrative law judge. Untimely filing without good cause is one of those grounds. 20 C.F.R § 404.957(c)(3) (2010). As long as it does not implicate constitutional concerns, a decision of the Social Security Administration which can be made without a hearing or which is made following an optional hearing under the Social Security Act is not the kind of final decision that is reviewable. *Califano*, 430 U.S. 99, 109 (1977); *Garza*, 891 F.Supp. at 469 (refusals to extend administrative deadlines for requesting a hearing before an ALJ are not reviewable under 42 U.S. C. §405(h)). In instances where a hearing never occurs, the Commissioner has not entered a "final decision," and thus, the Court does not have jurisdiction. *Blevins v. Barnhart*, 2003 WL 21919180 *2 (N.D. Ind. 2003) (citing *Califano,* 430 U.S. at 108; *Johnson*, 936 F.2d at 975; *Giacone*, 656 F.2d at 1242)).

Claimant argues that judicial review of his Complaint is permissible because he has exhausted his administrative remedies (Doc. 18). Claimant principally relies on *Howard v. Heckler*, 661 F.Supp. 654 (N.D. Ill. 1986) to support his argument. In *Howard*, the Court found subject matter jurisdiction over a decision to deny benefits. 661 F.Supp. at 655. Plaintiff filed an application for benefits and was denied initially and

6

upon reconsideration. *Id.* Thereafter, plaintiff timely requested a hearing before an ALJ. *Id.* The evidentiary hearing was granted, but plaintiff failed to appear at the hearing, and failed to respond to a "Notice to Show Cause for Failure to Appear." *Id.* Plaintiff claimed that he did not receive notice of the hearing, however, the ALJ rejected plaintiff's excuse and dismissed the claim. *Id.* The Appeals Council upheld the ALJ's decision. *Id.* Thereafter, plaintiff filed an action in federal district court seeking judicial review of the dismissal and a remand to the ALJ for a hearing on the merits. *Id.* The court explained that SSA waived the hearing prong of the judicial review requirement by concluding that further proceedings were unwarranted because the internal needs of the agency were fulfilled. *Id.* at 656. The court reasoned that plaintiff had pursued every available administrative avenue to overturn the dismissal. *Id.* The court considered the ALJ's decision as final, but held "[t]he mere fact that the Secretary acted without a hearing should not prevent judicial review where, as here, no hearing was available." *Id.* (citing *Bellantoni v. Schweiker*, 566 F.Supp. 313, 315 n.2 (E.D.N.Y. 1983)).

This same reasoning was rejected in *Watters*. 656 F.2d at 241. In *Watters,* a similarly situated plaintiff was denied judicial review of a decision by SSA. *Id.* Plaintiff filed a claim with SSA and upon initial determination and reconsideration, her claim was denied. *Id.* at 237. The SSA sent notice to plaintiff advising her that if she desired a hearing before an ALJ, she would have to file a request for hearing within six months. *Id.* Two years after the deadline, plaintiff filed the request. *Id*. Claimant was denied the hearing request by both the ALJ and the Appeals Council because she missed the filing deadline and did not establish good cause within the acceptable provisions of the SSA. *Id.* at 237-38. Consequently, plaintiff sought judicial review of the denial. *Id* at 238.

The Seventh Circuit rejected plaintiff's constitutional claim and held that the SSA had not waived the exhaustion doctrine by denying her a hearing. *Id* at 241. The court explained that §405(g) could not be interpreted to allow a claimant judicial review simply by filing and being denied an opportunity to extend the time for complying with administrative filing deadlines because that interpretation would subvert the Congressional purpose of § 405(g). *Id.* at 239. The Seventh Circuit stated that allowing judicial review would not comply with the Supreme Court's decision in *Califano v. Sanders*, that "Congress' determination ... to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of state eligibility claims. Our duty, of course, is to respect that choice." *Id.* at 239-40 (citing *Califano*, 430 U.S. at 109); s*ee also Boock v. Shalala*, 48 F.3d 348, 351 (8th Cir. 1995) (holding that it is well-settled that SSA's determination not to extend the period for appeal is not subject to judicial review under §405(g)).

The present case is distinguishable from *Howard*. Here, Claimant filed an untimely notice for hearing and was not granted a hearing before the ALJ. The regulations authorize an ALJ to dismiss a request for hearing if the claimant did not request the hearing within the stated time period and no extension of time has been granted for the request. 20 C.F.R. § 404.957(c)(3) (2010). Claimant fails to appreciate that the Seventh Circuit's decision in *Watters* expressly noted that the *Californo* analysis is equally applicable to factual scenarios in which an ALJ refuses to extend a time limitation. *Garza*, 891 F.Supp. at 468. Allowing judicial review in this situation would, contravene Congress' rational of conditioning the right to a hearing, and consequently the

right to judicial review, on the requirement that a request for a hearing be made in a timely fashion. *Watters*, 656 F.2d at 241.

Since Claimant never received a hearing on the November 2007 reconsidered determination, the Commissioner did not enter a "final decision" that is subject to review by this Court. Therefore, under § 405(g), the Court does not have subject matter jurisdiction to review this action.

**D.  Due Process**

To get around the jurisdictional hurdle, Claimant argues that the ALJ's denial of his request for hearing on the reconsidered determination deprived him of his property interest in disability benefits without due process of law (Doc. 18). The Supreme Court has recognized an exception to §405(g)'s "final decision" requirement, holding that a district court may have jurisdiction to review a constitutional challenge to the decision of the Commissioner. *Californo*, 430 U.S. at 109. However, Claimant has failed to state a colorable claim for violation of his due process rights. Claimant's due process right to be heard does not entitle him to a hearing prior to every administrative action in which he has an interest. In *Watters*, the Seventh Circuit held "a request for an extension of time within which to request a hearing may be denied without a hearing." 656 F.2d at 239. Accordingly, the SSA had no duty to provide Claimant with a hearing to determine whether good cause existed for his belated request for a hearing. *Garza*, 891 F.Supp. at 469. Moreover, the ALJ took Claimant's statement of Good Cause into consideration when he denied Claimant's request for hearing (Doc. 18-4). Therefore, Claimant was not deprived of his due process rights under the Fifth Amendment.

E. **Mandamus Jurisdiction**

Claimant contends that even if this Court finds that subject matter jurisdiction is unavailable, this Court still has mandamus jurisdiction to correct a gross abuse of discretion on the part of the Defendant (Doc. 18). Claimant claims that Defendant violated its own rules by refusing to grant Claimant an extension, despite Claimant establishing "good cause" as defined by the agency and by not sending Notice to Claimant's proper address. *Id.*

"Section 1361 confers mandamus jurisdiction over procedural claims brought under the Social Security Act, which otherwise would not constitute 'final decisions' reviewable by the district court." *Novak v. Shalala*, No. 93-1645, 1993 WL 516448, at *1 (7th Cir. Dec. 13, 1993)(citing *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir. 1987)). "Mandamus jurisdiction exists when three conditions are present: (1) a clear right in the plaintiff to relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and, (3) no other adequate remedy available." *Id.* (citing *Banks v. Sec. of the Indiana Family and Soc. Services Admin.*, 997 F.2d 231, 241-45 (7th Cir. 1993)). Here, Claimant unquestionably fails to meet the first part of that test. He argues that the SSA breached its own regulations by failing to provide Claimant proper notice of denial of his claim for disability and the SSA's denial of his request for hearing is in direct violation of 20 C.F.R. § 404.911 (Doc. 18).

It is undisputed that Claimant failed to request a hearing within the 60-day time period allotted by 20 C.F.R. § 404.933. Claimant argues that the SSA did not send the Notice to the proper address and failed to provide a copy of the Notice to his attorney. The Court, however is satisfied that SSA provided adequate notice to Claimant of the

reconsidered determination as it sent a copy of the Notice to Claimant's last known address and also mailed a copy to Claimant's attorney (Doc. 17-1).

As previously noted, regulations permit an ALJ to dismiss a request for a hearing if the claimant did not request a hearing within the stated time period and no extension of time has been granted for the request. 20 C.F.R. § 404.957(c)(3) (2010). An extension can be granted if good cause for the failure to timely file the request for the hearing exists. 20 C.F.R. § 404.933 (2010). In this case, ALJ Colpitts acted well within his discretionary authority in deciding that Claimant failed to demonstrate good cause for his untimely request for hearing. Plaintiff's request was clearly untimely. Since the Notice was dated November 6, 2007, the time for requesting review expired on January 10, 2008.[1] Claimant did not file his request for review until June 24, 2008, nearly 5 ½ months after the 60-day deadline. ALJ Colpitts considered Claimant's explanation for his untimely request for hearing and concluded that he had not established good cause for missing the deadline to request a hearing. Therefore, mandamus jurisdiction is not warranted in this case because Claimant has not established a "clear right" to relief.

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule 12(b)(1) (Doc. 17) be **GRANTED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to

---

[1] The notice of reconsidered determination is presumed to have been received 5 days after the date of the notice, unless the claimant can establish that he did not receive the notice within the 5-day time period (Doc. 18-4).

challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**IT IS SO ORDERED.**

**DATED: August 23, 2010**

                                                s/ *Donald G. Wilkerson*
                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**